1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                  NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10   KENNETH LEE TAYLOR,                    Case No.  14-0915-VC (PR)
               Plaintiff,
11                                          **ORDER OF SERVICE; DENYING**
          v.                                **MOTION FOR APPOINTMENT OF**
12                                          **COUNSEL**
     DR. LAURA THOMAS,
13                                          Doc. no. 3
               Defendant.
14

15

16        Plaintiff, an inmate at the Pelican Bay State Prison ("PBSP") proceeding pro se, filed a

17   civil rights complaint pursuant to 42 U.S.C. § 1983 against Dr. Laura Thomas.  Plaintiff has filed

18   a motion for leave to proceed in forma pauperis ("IFP") with a completed IFP application, which

19   is granted in a separate order.  Plaintiff also files a motion to appoint counsel, which is denied.

20   The Court now addresses the claims asserted in Plaintiff's complaint.

21                                   **DISCUSSION**

22   **I.       Standard of Review**

23        A federal court must screen any case in which a prisoner seeks redress from a

24   governmental entity, or officer or employee of a governmental entity, to identify any cognizable

25   claims and dismiss any that: (1) are frivolous or malicious; (2) fail to state a claim upon which

26   relief may be granted; or (3) seek monetary relief from a defendant who is immune from such

27   relief.  28 U.S.C. § 1915A(a).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica*

28   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

United States District Court
Northern District of California

United States District Court
Northern District of California

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

## II.      Plaintiff's Claims

Plaintiff's complaint alleges the following. Since 2000, Plaintiff has suffered from massive internal bleeding and external hemorrhoid bleeding. Although various doctors attempted to ascertain the cause of the bleeding, including three colonoscopy surgeries, they were unable to do so. However, Plaintiff was never referred to a specialist to diagnose his condition. In February 2010, Plaintiff was transferred to PBSP. On February 5, 2013, Plaintiff read an article in the Men's Journal entitled, "An Aspirin a Day Keeps the Doctor Away," and discovered that daily doses of aspirin, which he has been prescribed for twelve years, is the cause of his severe bleeding.

Defendant Dr. Laura Thomas, is Plaintiff's primary care doctor ("PCP") at PBSP and she should have known that aspirin increases the risk of internal bleeding. On February 5, 2013, Plaintiff attempted to contact Dr. Thomas to tell her the cause of his bleeding, but he could not do so. On February 6, 2013, Plaintiff attempted to obtain a special diet due to his chronic, painful internal bleeding, stomach pains, constipation, hemorrhoids, high blood pressure, and high cholesterol. On February 7 and 8, 2013, Plaintiff discovered he had a serious heart condition due to years of internal and external bleeding. On February 11, 2013, Plaintiff saw Dr. Thomas and she refused to stop Plaintiff's aspirin prescription and directed him to keep taking all of his

United States District Court
Northern District of California

1  prescribed medications.  On February 14, 2013, Plaintiff could not stand without fainting and he

2  was rushed to the medical clinic.  At the clinic,  Dr. Donald Venes informed Plaintiff that he must

3  receive emergency blood transfusions to save his life.  Dr. Venes was shocked that Dr. Thomas

4  had continued to prescribe aspirin to Plaintiff.  Plaintiff was transported to Sutter Coast Hospital

5  where he received four blood transfusions.

6  Plaintiff asserts claims of deliberate indifference to his serious medical needs and medical

7  malpractice against Dr. Thomas for failing to discontinue the aspirin she prescribed to Plaintiff

8  and for failing to refer him to an expert to ascertain the cause of his bleeding.  Liberally construed,

9  Plaintiff's allegations state an Eighth Amendment claim for deliberate indifference to his serious

10  medical needs and a state law claim of medical malpractice.

11  **III. Motion to Appoint Counsel**

12  Plaintiff moves for the appointment of counsel because the legal issues are complex and he

13  is unable to adequately investigate or present the factual issues regarding his claims.[1]

14  "[I]t is well-established that there is generally no constitutional right to counsel in civil

15  cases."  *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996).  Nonetheless, under 28

16  U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel to "any person unable to

17  afford counsel."  The discretionary appointment of counsel typically is reserved for cases

18  involving "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

19  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success

20  on the merits and the ability of the petitioner to articulate his claims pro se in light of the

21  complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be

22  viewed together before reaching a decision."  *Id.*  Here, exceptional circumstances requiring the

23  appointment of counsel are not evident.  The request for appointment of counsel is DENIED.

24  If, in the future, the Court concludes it is necessary to appoint counsel to represent Plaintiff, it

25  shall do so *sua sponte*.

26

27

28  _____
[1] Plaintiff's motion incorrectly states that he needs legal assistance on a habeas petition.  The Court assumes Plaintiff is requesting legal assistance on this civil rights complaint.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff states cognizable claims for deliberate indifference to his serious medical needs and medical malpractice against Defendant Dr. Thomas.

2.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto and a copy of this Order to Dr. Laura Thomas at PBSP. The Clerk shall also mail a courtesy copy of the complaint with all attachments and a copy of this Order to the California Attorney General's Office and a copy of this Order to Plaintiff.

3.  Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure require her to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, she will be required to bear the cost of such service unless good cause be shown for her failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendant is advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant has been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

4.  Defendant shall answer or otherwise respond to the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.  No later than thirty days from the date her answer is due, Defendant shall file a

United States District Court
Northern District of California

motion for summary judgment or other dispositive motion.  If Defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendant shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion.

b.  Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendant no later than twenty-eight days after the date on which Defendant's motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's summary judgment motion.  Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c.  Defendant shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

5. Discovery may be taken in this action in accordance with the Federal Rules of Civil

United States District Court
Northern District of California

Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

6.  All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or counsel.

7.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: April 28, 2014

_____
VINCE CHHABRIA
United States District Judge