United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH LEE TAYLOR,

Plaintiff,

v.

LAURA THOMAS,

Defendant.

Case No. 14-cv-00915-VC (PR)

**ORDER GRANTING, IN PART, MOTION FOR SUMMARY JUDGMENT AND DISMISSING NEGLIGENCE CLAIM WITHOUT PREJUDICE TO FILING IN STATE COURT**

Re: Dkt. No. 22

Each side is familiar with the other's allegations and arguments, so the Court does not repeat them here.  Thomas's motion for summary judgment is granted with respect to the Eighth Amendment claim.  The Court accepts as true for purposes of this motion Taylor's allegation that, at his February 11, 2013 meeting with Thomas, he told her that he was bleeding and that aspirin was the cause of his bleeding.  Thomas continued all Taylor's medications, including aspirin, and ordered updated blood work.  In taking this action, Thomas was on notice that Taylor's vital signs were normal, that his Framingham score indicated a high risk of heart attack, and that all of his past blood work was in the normal range.  Two days later, as a result of the blood work Thomas ordered, Taylor's doctors became aware of his abnormally low blood count and they immediately responded by sending him to Sutter Coast Hospital for treatment.

This evidence does not raise a genuine dispute of material fact about whether Thomas was deliberately indifferent to Taylor's serious medical needs in continuing the aspirin prescription when she saw Taylor.  Although (viewing the facts in a light most favorable to Taylor) Thomas ignored Taylor's statements about his bleeding and aspirin, she did not intentionally deny, delay or interfere with his treatment.  Thomas continued to prescribe aspirin based on Taylor's high heart attack risk; for his bleeding hemorrhoids, Thomas ordered blood work.  That Thomas declined Taylor's request to discontinue his aspirin amounts to a difference of opinion about whether he should have continued to take aspirin, weighing his complaints of bleeding against his heart condition.  It does not constitute deliberate indifference.  *See Franklin v. Oregon State Welfare*

*Division*, 662 F.2d 1337, 1344 (9th Cir. 1981) (difference of opinion between a prisoner patient and medical professional regarding treatment does not give rise to deliberate indifference).  And even if Thomas should have realized that aspirin was causing Taylor's bleeding (an issue about which the Court expresses no opinion), her failure to discontinue it based on this one visit, when all Taylor's previous blood tests had been normal, would at most amount to negligence, not deliberate indifference.  *See Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994).

Although federal courts have supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a), they may decline to exercise it under 28 U.S.C. § 1367(c).  *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).  Because summary judgment has been granted to Thomas on the one federal claim in this case, the Court declines to exercise supplemental jurisdiction over Taylor's state law negligence claim.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Bryant v. Adventist Health Sys. West*, 289 F.3d 1162, 1169 (9th Cir. 2002).  This claim is dismissed without prejudice to filing it in state court.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The motion for summary judgment is granted, in part.  Summary judgment on the Eighth Amendment deliberate indifference claim is granted in favor of Thomas.

2. The medical malpractice claim is dismissed without prejudice to filing in state court.

3. This order terminates docket number 22.

4. The Clerk shall enter a separate judgment and close the file.

**IT IS SO ORDERED**.

Dated: August 13, 2015

_____
VINCE CHHABRIA
United States District Judge

1
2
3
4
                   UNITED STATES DISTRICT COURT
5
                 NORTHERN DISTRICT OF CALIFORNIA
6
7
8
9
10
11

| | |
|---|---|
| KENNETH LEE TAYLOR, | Case No.  14-cv-00915-VC |
|        Plaintiff, | |
|    v. | **CERTIFICATE OF SERVICE** |
| LAURA THOMAS, | |
|        Defendant. | |

12
13
14
15
16
17
18

     I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

     That on August 13, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

19
20
21

Kenneth Lee Taylor ID: J-89634
Pelican Bay State Prison SHU D9-121 Low
PO Box 7500
Crescent City, CA 95532

22
23

Dated: August 13, 2015

24
25

                    Richard W. Wieking
                    Clerk, United States District Court

26
27
28

                    By:_____
                    Kristen Melen, Deputy Clerk to the
                    Honorable VINCE CHHABRIA

United States District Court
Northern District of California